UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------X
TYREE SMITH,

              Plaintiff

                            16 Civ.

       v.

                            JURY TRIAL REQUESTED

NJ TRANSIT RAIL OPERATIONS, INC.,

              Defendant
---------------------------------------------------------------X

## COMPLAINT

      Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

    1.    The plaintiff is a resident of the State of New Jersey, County of Essex, and City of Montclair.

    2.    The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New Jersey.

    3.    Prior to December 13, 2013, and at all times hereinafter mentioned, the defendant employed the plaintiff as a signal maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

    4.    Prior to December 13, 2013 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Hoboken Terminal Yard, Hoboken, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

    5.    During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among dozens of states, including New York and New Jersey and Pennsylvania.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant as a signal maintainer, and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On December 13, 2013, the plaintiff was working as a maintainer when, at the direction and training of defendant, he was in defendant's Hoboken Yard when he was attacked with a baseball bat and run over by a trespasser.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, a fractured fibula requiring 8 screws and a plate.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about December 13, 2013, while the plaintiff, an employee of the defendant, was in the performance of his duties as a maintainer at the Hoboken Terminal, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to warn plaintiff of its defective security gate;

    c. in failing to fix and/or repair defective security gate;

    d. in failing to respond to employee complaint's regarding the inoperable security gate;

    e. in failing to replace defective security gate;

    f. in failing to provide alternate security while security gate was defective;

    g. in failing to monitor surveillance cameras;

    h. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, plaintiff Tyree Smith demands judgment against the defendant on Count I in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with the costs and disbursements of this action.

                                       Respectfully submitted

By: _____
      MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com